WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Roy Malone, | No. CV-14-02205-LCK |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Donald Roy Malone, presently incarcerated at the Arizona State Prison in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation.[1] Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 11), and Petitioner's Reply (Doc. 12). The Court finds that the Petition should be dismissed as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 1998, a jury found Petitioner guilty of armed robbery, six counts of aggravated assault, and six counts of kidnapping. (Doc. 11, Ex. B.) On April 24, 1998, Petitioner was sentenced in the Superior Court of Pima County to 63 years imprisonment. (Doc. 11, Ex. C.)

---

[1] This matter was referred to the current Magistrate Judge on May 10, 2016. (Doc. 16.)

On December 14, 1998, Petitioner appealed his conviction to the Arizona Court of Appeals. (Doc. 11, Ex. E.) The Arizona Court of Appeals affirmed his convictions and sentences on June 29, 1999. (Doc. 11, Ex. A.) Petitioner then filed a petition for review with the Arizona Supreme Court, which was denied on July 25, 2000. (Doc. 11, Exs. G, H.)

In the meantime, on January 26, 2000, Petitioner filed a Notice of Post-Conviction Relief (PCR). (Doc. 11, Ex. J.) The PCR court stayed Petitioner's PCR proceeding during the time that his petition for review was pending with the Arizona Supreme Court. (Doc. 11, Ex. K.) After the conclusion of Petitioner's appeal, the PCR court lifted the stay and ordered that Petitioner file his petition by January 27, 2001. (*Id.*) Because Petitioner did not file a timely petition by that date, the PCR court dismissed his PCR Petition. (Doc. 11, Ex. L.) Afterwards, Petitioner filed a motion for reconsideration and the court reinstated his petition. (Doc. 11, Exs. M, N.) On October 30, 2001, Petitioner filed a PCR Petition. (Doc. 11, Ex. O.) On January 31, 2002, the trial court denied him relief on one claim and granted him partial relief on the other. (*Id.*)

On September 8, 2004, Petitioner filed a second Petition for PCR. (Doc. 11, Ex. S.) The PCR court denied relief. (Doc. 11, Ex. V.) Upon Petition for Review, the Arizona Court of Appeals denied relief, and the mandate issued on October 21, 2005. (Doc. 11, Exs. W, X, Y.)

On July 12, 2012, Petitioner filed a third Notice and Petition for PCR, and the PCR court denied Petitioner relief. (Doc. 11, Ex. DD.) Petitioner filed a petition for review from the PCR court's denial; however, the court of appeals found no error and denied relief. (Doc. 11, Exs. II, JJ.) Petitioner filed a petition for review with the Arizona Supreme Court on May 1, 2013, which was denied. (Doc. 11, Exs. KK, LL.) The mandate for that decision issued on November 18, 2013. (Doc. 11, Ex. MM.)

Petitioner filed the Petition for Writ of Habeas Corpus in this Court on June 30, 2014. (Doc. 1.)

1
2

## DISCUSSION

3      Respondents argue that Petitioner's Habeas Petition is time-barred because it

4  violates the statute of limitations. Petitioner argues that he is entitled to equitable tolling

5  because he encountered difficulties in trying to obtain his court transcripts and records.

6      **Statute of Limitations and Statutory Tolling**

7      Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996,

8  federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-

9  year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins

10 to run from the latest of:

11
12      (A) the date on which judgment became final by the conclusion of direct review or
        the expiration of the time for seeking such review;

13      (B) the date on which the impediment to filing an application created by State
        action in violation of the Constitution or laws of the United States is removed, if
14      the applicant was prevented from filing by such State action;

15      (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court
16      and made retroactively applicable to cases on collateral review; or

17      (D) the date on which the factual predicate of the claim or claims presented could
        have been discovered through the exercise of due diligence.
18
   *Id.*
19

20      In applying (d)(1)(A), the Court must assess when direct review of Petitioner's

21 conviction became final. The Arizona Supreme Court denied review of Petitioner's direct

22 appeal on July 25, 2000, and his time to petition for a writ of certiorari from the United

23 States Supreme Court expired ninety days later, on October 23, 2000. Sup. Ct. R. 13.

24 Thus, the judgment against Petitioner became final on that date. The statute of limitations

25 began to run, absent tolling, on October 24, 2000.

26      The statute of limitations is tolled during the time a properly filed state PCR

27 petition is pending. 28 U.S.C. § 2244(d)(2). At the time Petitioner's direct review became

28 final, he had already begun his first PCR proceeding by filing a notice, which

immediately tolled the statute of limitations. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). The period of tolling continued through January 31, 2002, when the trial court denied Petitioner relief. Petitioner did not seek further review and, thus, the one-year federal statute of limitations began running the next day, on February 1, 2002, and expired on Monday, February 3, 2003.[2] *See Worrell v. Ryan*, No. CV-13-01683, 2015 WL 1951657, at *8 (D. Ariz. Apr. 28, 2015) (the statute of limitations began running the day after the trial court denied the petitioner's PCR proceeding and because the petitioner did not seek review of that decision).

Petitioner filed a second PCR notice on September 8, 2004. The State argues that the statute of limitations was not tolled during this proceeding because the limitations period already had expired. The Court agrees. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "§ 2244(d) does not permit the reinitiation of the limitations period that ended before the state petition was filed"). Similarly, Petitioner's third PCR proceeding, filed on July 12, 2012, did not toll the limitations period.

Petitioner's first PCR proceeding entitled him to statutory tolling during the time that it was pending. However, the federal statute of limitations began to run immediately after the PCR Petition was denied and expired on February 3, 2003. Petitioner did not file his federal Habeas Petition until June 30, 2014. Because Petitioner filed the Petition more than one year after the statute of limitations expired, the Petition is statutorily time-barred.

**Equitable Tolling**

Petitioner argues he is entitled to equitable tolling because he was unable to obtain his court transcripts and records, which constitutes "extraordinary circumstances."

---

[2] The statute of limitations expired on February 1, 2003, which was a Saturday. Thus, Petitioner had until Monday, February 3, 2003, to file a Habeas Petition.

- 4 -

Petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. The diligence required for tolling is "reasonable diligence" as opposed to "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). Thus, the effort needed is that expected of a reasonable person under those particular circumstances. *Id.* at 1015. Furthermore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

Petitioner must establish that an extraordinary circumstance prevented him from timely filing a Petition in this Court. Equitable tolling is only available when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman*, 319 F.3d at 1202 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Petitioner asserts that he had a difficult time obtaining his court records and transcripts. Courts have recognized that "it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (quoting *Spitsyn*, 345 F.3d at 801). However, Petitioner bears the burden of showing that "the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file . . . late." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009).

Here, Petitioner notes that he "had to rely on his court appointed counsels and the Court to send him his court-transcripts and records; and then all of them were not sent at the same time, which caused even a further delay." (Doc. 12.) Petitioner does not point to a single specific instance where he timely asked for documents and he did not receive a necessary document before the deadline. He asserts that the delay made it "impossible to

file a petition on time" but does not provide the support necessary to establish an extraordinary circumstance. *See Waldron-Ramsey*, 556 F.3d at 1013-14 (petitioner was not entitled to equitable tolling because he didn't identify specific instances where he was deprived of a document necessary to his petition); *Green v. Hornbeak*, No. 07-16136, 2009 WL 430442, at *1 (9th Cir. 2009) (finding no extraordinary circumstance because the petitioner failed to provide concrete details regarding the information she needed from the missing documents). Because Petitioner did not detail any actions he took to timely obtain his materials or to  delineate the delay by court and counsel, he falls short of meeting his burden to show it was beyond his control to timely file. Thus, he has not established an extraordinary circumstance.

Furthermore, Petitioner does not demonstrate that he was reasonably diligent in pursuing the timely filing of his Habeas Petition. Petitioner did not provide a timeline of the actions he took to pursue his rights since he was convicted in 1998. Additionally, he could have shown due diligence by preparing a basic habeas petition and filing it to satisfy the AEDPA deadline or by filing less than 11 years after the expiration of the federal statute of limitations. *See Waldron-Ramsey*, 556 F.3d at 1013. A reasonably diligent person would be expected to undertake preventative measures to ensure his Petition is timely or, alternatively, have a well-supported reason for not timely filing. Petitioner did not demonstrate any of the above, thus, he has not shown that he pursued his rights diligently.

Petitioner fails to show that he exercised due diligence or that extraordinary circumstances prevented him from timely filing in this Court. Therefore, he is not entitled to equitable tolling and the Petition is time-barred.

## <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 11th day of August, 2016.

Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 7 -